AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Joshua Matthew Little ) | Case No.   25-cr-268 (JMC) |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

    ☑ History of violence or use of weapons
    ❐ History of alcohol or substance abuse
    ❐ Lack of stable employment
    ❐ Lack of stable residence
    ❐ Lack of financially responsible sureties
    ❐ Lack of significant community or family ties to this district
    ❐ Significant family or other ties outside the United States
    ❐ Lack of legal status in the United States
    ❐ Subject to removal or deportation after serving any period of incarceration
    ❐ Prior failure to appear in court as ordered
    ❐ Prior attempt(s) to evade law enforcement
    ❐ Use of alias(es) or false documents
    ❐ Background information unknown or unverified
    ❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum

Nature and circumstances of offense:

See addendum

The strength of the government's evidence:

See addendum

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

See addendum

The defendant's dangerousness/risk of flight:

See addendum

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 09/10/2025                 G. Michael Harvey
                                 United States Magistrate Judge

# U.S. v. Little, 25-cr-268 (JMC)—Detention Order Addendum

**PROCEDURAL HISTORY**

Defendant Joshua Matthew Little was charged by complaint on August 25, 2025, with Assaulting, Resisting, or Impeding Certain Officers or Employees in violation of 18 U.S.C. § 111(a)(1) and Assaulting, Resisting, or Impeding Certain Officers or Employees – Enhanced Penalty in violation of 18 U.S.C. § 111(b).[1] At the detention hearing on August 28, 2025, the government argued for Defendant's detention, while Defendant argued for his release. At the conclusion of the detention hearing, the Court granted the government's motion, finding that consideration of the four Bail Reform Act factors militate in favor of Defendant's pretrial detention. This memorandum memorializes the ruling the Court delivered in open court on August 28, 2025.

**DEFENDANT'S ARGUMENT FOR RELEASE**

Defendant requested that the Court release him on personal recognizance or subject to conditions to include, if the Court found it appropriate, high intensity supervision or home confinement. Defendant argued he is not a serious flight risk because he was born and has lived in Washington D.C. his entire life and has no connections to other geographic areas or financial means to flee to other countries. Additionally, he has multiple family members who live in Washington D.C., including his parents, a sibling, and his children. Defendant also noted that his record demonstrates he has consistently come to court when facing criminal charges—although he has a record of one bench warrant, it was quashed because his failure to appear was not volitional. Defendant also argued that he is not a danger to the community. First, he argued that the nature and circumstances of the offense weigh in his favor because the underlying circumstances of his arrest cannot be fairly described as an attack, and there is no allegation that he used or brandished a firearm or carried a weapon or criminal contraband. Instead, his charges stem from what he described as a reaction to being ambushed by armed law enforcement officers unexpectedly while leaving a gas station in a car. He additionally challenged the weight of the government's evidence arguing that it will not support a finding that he acted intentionally. Defendant noted that the government presented only still images rather than video evidence and failed to present any evidence from third-party observers. Defendant acknowledged that he has a criminal history but stressed that it is minimal and does not involve crimes of violence. He further acknowledged that he has been and is currently on supervision in multiple cases but noted that only one of those cases involves a serious crime.

**NATURE AND CIRCUMSTANCES OF OFFENSE**

This factor weighs in favor of detention. According to the government's proffer, Defendant, in a vehicle, engaged in assaultive conduct on federal officers with that vehicle twice in the span of twenty-four hours. In the first instance, Defendant's vehicle made contact with an officer and that officer was injured. In the second instance, Defendant again moved towards an officer with his vehicle and, thankfully, the officer was able to avoid contact, although Defendant rammed into a

---

[1] He has since been indicted on two counts of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, Inflicting Bodily Injury in violation of 18 U.S.C. § 111(a)(1) and (b) and one count of Destruciton of Government Property in violation of 18 U.S.C. § 1361.

law enforcement vehicle.  A grand jury has since found probable cause to believe that he committed both crimes, along with destruction of government property—specifically, the vehicle.  Considering both instances together, Defendant's conduct was at least reckless, if not clearly intentional.  During both events, the law enforcement officers were marked as officers, either in uniform or in clothing with law enforcement insignia.  They employed lights and sirens when surrounding Defendant's car.  The fair conclusion from this information is that Defendant knew these individuals were law enforcement officers when he made the decision to flee the scene by driving towards them, putting their safety at risk.

Defendant faces two serious charges that carry with them significant periods of incarceration if convicted—up to eight years for a conviction under 18 U.S.C. § 111(a)(1) and up to 20 years for a conviction under 18 U.S.C. § 111(b).  *See* 18 U.S.C. § 111.

In sum, this factor weighs in favor of pretrial detention.

### STRENGTH OF THE GOVERNMENT'S EVIDENCE

This factor also weighs in favor of detention.  Although the Court has seen only stills from the video evidence of the incidents, it credits the government's proffer at this point in the proceedings and finds it compelling for the reasons stated above.

### DEFENDANT'S HISTORY AND CHARACTERISTICS

The Court recognizes Defendant's connections to the community, including that he has family in Washington D.C., an apparently stable home life, and gainful employment.  However, Defendant's criminal history and history of unsatisfactory periods of supervision offset these positive characteristics.

Defendant's struggles to comply with conditions of supervised release do not instill confidence that Defendant would abide by conditions of release if imposed here.  Currently, and at the time of the conduct underlying Defendant's arrest, he is under pre-trial supervision in three cases and post-conviction supervision in one case.  Additionally, Defendant's record shows that he had been on supervision in a prior case that ended unsatisfactorily in 2023, presumably because of the three charges for which he is currently on pre-trial supervision.

Defendant also has prior arrests and convictions that concern the Court.  He has a pending case involving firearms and drugs.  He has a prior conviction for a drug distribution offense, and another for carrying a handgun.  In both of those cases, post-conviction supervision was closed without success.  Although Defendant does not have a history of violence, his gun and drug possession charges, as well as his history of non-compliance with conditions of release, does not suggest to the Court that, if released, Defendant would refrain from illegal activity.  Accordingly, this factor weighs in favor of detention.

### DEFENDANT'S DANGEROUSNESS/RISK OF FLIGHT

This factor weighs in favor of detention. For the reasons already stated, including the government's allegations, the fact that Defendant is currently on supervised released in at least four cases, and Defendant's history of unsatisfactory completion of supervised release, it is clear to the Court that Defendant is a serious flight risk and a danger to the community.

**CONCLUSION**

The Court concludes that the government has demonstrated by clear and convincing evidence that Defendant's release would pose a danger to the community, that he is a serious flight risk, and that no combination of release conditions could reasonably mitigate these concerns.

Defendant is ordered detained pending trial in this matter.