# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-cr-268 (JMC)** |
| **JOSHUA MATTHEW LITTLE,** | |
| *Defendant*. | |

### Motion to Dismiss Indictment for Violation of the Speedy Trial Act and Response to Government's Motion to Toll

Joshua Matthew Little, through counsel, respectfully requests that this Court dismiss the Indictment with prejudice for the violation of his speedy trial rights under 18 U.S.C. § 3161. The Speedy Trial Act establishes that a defendant's trial must commence within 70 days of indictment or initial appearance, whichever is later, or else the Court "shall" dismiss the case. 18 U.S.C. § 3162(a)(2). Absent a last minute tolling in the interests of justice order by the court, the 70th day of non-excludable time on the Speedy Trial Clock should have been November 14, 2025, making dismissal necessary. Given the pattern of gross neglect of the government's legal and constitutional obligations in this case and comparable cases across this courthouse over the past few months, this Court should not toll the clock in the interests of justice and should instead dismiss the indictment with prejudice.

### Relevant Background

Mr. Little is a 32-year-old who lives with both of his parents and adult sister. He has been engaged in auto-repair work for his father and as a barber at a local barbershop near his parents' home. He is a hard worker, who is dedicated to providing for his family. He has minimal criminal history and no criminal history involving violence.

1

According to the government, on August 22, 2025, after a large group of heavily armed federal officers swarmed a parking lot, Mr. Little refused to stop his vehicle as he was exiting the gas station, pushing the agent trying to stop him to the side as he drove off. Initially, at the detention hearing, the government claimed that the agent suffered an injury to his leg as a result, but, as explained in detail below, the government now does not appear to be alleging any injury. The government bases its conclusion that Mr. Little was driving the vehicle in question based solely upon the driver's general similarity in appearance to Mr. Little in video surveillance from the gas station and claims that the vehicle was rented by Mr. Little's mother. The government also alleges that the following night, on August 23, 2025, Mr. Little rammed his vehicle into an SUV being used by the U.S. Marshals to surround his vehicle. During his arrest, Mr. Little was tased by at least three separate agents.

Mr. Little was initially arrested on that Saturday night, August 23, 2025. After being placed in custody, due to the traumatic manner in which he was arrested where he was tased at least three separate times, he had to go to the hospital. On Monday, August 25th, because the government lacked a complaint for his arrest, at his initial appearance in C-10 before a Superior Court magistrate judge, Mr. Little was initially released. He was then re-arrested at home on Tuesday, August 26, 2025 based on a complaint charging him with violations of 18 U.S.C. §§ 111(a)(1) and 111(b).

On August 26, 2025, Mr. Little had his initial appearance in this court before Magistrate Judge Sharbaugh. At his detention hearing on August 28, 2025, Magistrate Judge Harvey ordered Mr. Little detained. At that same hearing, the government requested that the court toll the Speedy Trial clock in the interests of justice. The defense opposed this request and asserted its desire for a Speedy Trial. Magistrate Judge Harvey denied the government's

2

request to toll the Speedy Trial Clock.

Mr. Little was indicted on two counts of assaulting, resisting or impeding certain officers using a dangerous weapon and inflicting bodily injury, in violation of 18 U.S.C. 111(a)(1), and one count of destruction of government property, in violation of 18 U.S.C. 1361. *See* ECF No. 11.

The Speedy Trial Act provides that a trial "shall commence within seventy days from the filing date … of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Accordingly, the Speedy Trial Clock began ticking on September 5, 2025—*i.e.*, the filing date of the indictment, which occurred after his initial appearance.

On September 8, 2025, the magistrate case was closed and this case was assigned to this Court. As part of the related minute order, the parties were directed contact the assigned judge to schedule an arraignment and "to address any requests to toll the Speedy Trial Act to the assigned District Judge." Between the date of the indictment, September 5, 2025, and the arraignment on November 12, 2025, 68 days passed. At no point did the government request to toll prior to this date. Nor did the government take any steps to arrange a hearing before the court.

Almost immediately after the court's order on September 8, 2025, defense counsel attempted to work with the government to (1) arrange for a hearing in front of this Court; (2) obtain discovery that Mr. Little is entitled to; and (3) move the case forward by engaging in plea negotiations. As outlined in the timeline below, all of these efforts largely failed. Despite reaching out to the assigned prosecutor repeatedly, the government never set an arraignment date. Despite repeated calls and emails, the government still has not provided large tranches of discovery that go to the heart of the case. Despite repeated calls and emails, the government has

3

not even extended a plea offer.

***Timeline of efforts, discovery requests, and government responses***:

- 9/5/2025- Mr. Little is indicted and the Speedy Trial clock began;

- 9/8/2025 – Magistrate court vacated the preliminary hearing and directed the parties to reach out to the assigned judge to set an initial status and arraignment date. It also directed to reach out to the assigned judge to address any requests to toll the Speedy Trial clock.

- 9/9/2025 – *Defense Discovery Request 1:* The next day, the defense reached out to the government to try to coordinate a date for arraignment and requested discovery. Def. Ex. A.

- 9/9/2025 - The government provided an initial discovery production of two zip files via evidence.com, Def. Ex. B (Index of files produced on 9-9-2025), which included:

  o 70 files including: 39 photos; 20 body worn camera ("BWC") videos related to this matter from unidentified MPD officers, including 1 BWC video recording of an officer's view of a small portion of the Citgo surveillance footage; 1 helicopter video; 1 Interview video; and 2 short clips of MPD CCTV videos of each scene.

  o The production also included 7 BWC videos from incidents <u>unrelated</u> to this case.

- 9/10/2025- *Defense Discovery Request 2:* The defense requested an index of the BWC provided listing the officers associated with each video. Def. Ex. C. Without an index, there is no way to tell which officer recorded which video. Indexes for MPD BWC are extremely easy for the government to produce, as all that is required is pressing a button to export an index from within evidence.com. (This index has still not been provided by the government.)

- 9/16/2025 – *Defense Discovery Request 3:* The defense again followed up with the government about scheduling an arraignment. Def. Ex. D. The defense also noted that there was significant missing BWC from many non-MPD agents. (Most of this has still not been provided by the government.)

- 9/17/2025 - *Defense Discovery Request 4:* The defense again followed up with the government about scheduling an arraignment. Def. Ex. E. In addition, the defense explained the discovery request for agent BWC made the day before, noting that there were federal agents on both scenes. The defense further explained that in the available MPD BWC some of the agents even discuss capturing the relevant events on their BWC. (Most of the federal agent BWC has still not been provided by the government.)

- 9/19/2025- *Defense Discovery Request 5:* The defense followed up with the government about missing discovery, including: BWC for the USMS; FBI; DEA; Park Police; HSI; and other federal agents visible on the scene; the complete Citgo surveillance footage (snapshots of which were included in the arrest warrant affidavit as the basis for

identification in this case); the complete MPD CCTV footage of the events, including the additional camera angles of each event; all the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents; and all documentation of any injury allegedly received by the complaining witness. Def. Ex. F. (Most of this has still not been provided by the government.) The defense also asked whether a plea offer would be made available.

- 9/22/2025 – The AUSA responded to indicate that discovery "is being assembled and I will get it out as I collect it. We will have a plea offer too, I will let you know." Def. Ex. G.

- 10/1/2025- *Defense Discovery Request 6:* The defense followed up again about discovery and a plea offer. The government responded that there are no updates given recent supervisory personnel changes. After again requesting the missing discovery, *Defense Discovery Request 7*, the government explained that it was being collected and will be passed on as it is obtained.

- 10/8/2025 – *Defense Discovery Request 8*: The defense followed up again on the missing discovery. Def. Ex. H (excerpted to include only relevant portion).

- 10/10/2025 –The government provided a viewing letter allowing the defense to view the vehicle. Upon trying to view the vehicle, defense learned that a search of the vehicle pursuant to a warrant was scheduled later that week. (The search warrant and the results of the search have still not been provided to the defense.)

- 10/14/2025 - *Defense Discovery Request 9*: The defense followed up again on the missing discovery, particularly the federal agent BWC, and a potential plea offer. Def. Ex. I (excerpted to include only relevant portion).

- 10/16/2025 – *Defense Discovery Request 10*: The defense again followed up on the missing discovery and a potential plea offer. Def. Ex. J. *Defense Discovery Request 11*: The defense also called the prosecutor to discuss the same.

- 10/17/2025- *Defense Discovery Request 12:* The defense called the AUSA to discuss discovery and a plea.

- 10/20/2025 – *Defense Discovery Request 13:* The defense again followed up on the missing discovery and a potential plea offer. Def. Ex. K. *Defense Discovery Request 14:* The defense also called the AUSA to discuss the same. *Discovery Request 15:* After the government provided a modified viewing letter, the defense again followed up on the missing discovery and a potential plea offer, noting it has been nearly two months with no movement.

- 10/21/2025 – *Defense Discovery Request 16:* The defense again explained the importance of receiving the remaining discovery, including all the relevant internal paperwork, the video surveillance, and the BWC from the federal agents on the first and second scene, to evaluate the case and advocate for an appropriate disposition.

- 10/23/2025 - *Defense Discovery Request 17:* The defense again followed up on the missing discovery. Def. Ex. L. *Defense Discovery Request 18:* The defense also called the AUSA to discuss the same.

5

- 11/3/2025 – After the court reached out to schedule an arraignment in this matter, the government finally provided a second round of discovery, Def. Ex. M (Index of files produced on 11-3-2025), which included:

  o MPD paperwork related to each incident, including the incident reports for each event;
  o 2 duplicative copies of the MPD CCTV video from the corner of Minnesota Ave SE and Randle Circle SE from 9:17.30- 9:19 p.m. – which had already been provided in Production 1
  o 9 USMS BWC videos from unidentified USMS agents
  o 1 8/24/2025 USMS arrest report (redacted)
  o 1 draft affidavit of the complaint written by unknown party

  For some reason, the government claimed in its recent motion that it provided many of these files a month earlier on October 1, 2025 and the remaining files on October 29, 2025. *See* Government's Motion to Exclude Time Pursuant to the Speedy Trial Act, hereinafter "Govt. Motion," ECF 16 at 11. That is incorrect. It is unclear what the government is basing this claim upon as all the available correspondence and related electronic records on this matter contradict this claim. These files were all provided through a USAfx folder. Both the electronic records showing when the defense was given access to the relevant folder, Def. Ex. N, and the related email inviting the defense to access the folder, Def. Ex. O, show that the electronic folder with these materials was provided to the defense on November 3, 2025. Nor was the defense able to find any email, note, or call that supported the government's claim that the discovery was provided on the dates indicated in the government's motion.

- 11/4/2025 – The next day, the government provided a third round of discovery, Def. Ex. P (Index of files produced on 11-4-2025), which included:

  o 6 MPD CCTV "g64x" videos from Minnesota Ave SE on 8-23-25 from 8:20 – 8:21.44
  o 11 MPD CCTV "g64x" videos from Minnesota Ave NE and Ames St NE on 8-22-25 from 9:55 to 10:30 p.m. (These files appear to be unrelated to this matter.)
  o 141 Citgo "dav" videos (These files were not viewable at all, as the player for the files was not provided.)

- 11/05/2025 - *Defense Discovery Request 19:* After reviewing the two new productions provided by the government over the two prior days, the defense again followed up with a list of missing discovery. Def. Ex. Q. Although the letter detailing those requests is lengthy, most of the requests boil down to the exact same requests the defense had been making for

the past two months  -- BWC from the federal agents on scene, casefiles for the agents who handled the case, paperwork and evidence related to the alleged injury by the complaining witness, paperwork completed by federal agents in connection with the case, such as use of force reports, and a viewable copy of the surveillance footage specifically screenshotted and relied upon in the arrest warrant affidavit.

As of the filing of this motion, the government has still not provided *any* of the missing discovery. Nor has the government provided a plea offer.

### Argument

### I.    The Government Has Violated the Speedy Trial Act By Not Commencing Trial Within 70 Days of the Indictment.

The "manifest purpose" of the Speedy Trial Act, as its name indicates, is to "ensur[e] speedy trials." *Bloate v. United States*, 559 U.S. 196, 210 (2010).  The "Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Id.* at 211; *Zedner v. United States*, 547 U.S. 489, 501 (2006).  And it "seeks to achieve 'efficiency in the processing of cases which is commensurate with due process.'" *United States v. Tinklenberg*, 563 U.S. 647, 657 (2011) (quoting H.R. Rep. No. 93–1508, p. 15 (1974)).  With these principles "firmly in mind," *Zedner*, 547 U.S. at 501, the Act establishes a general rule: a defendant's trial must commence within 70 days of indictment or initial appearance (whichever occurs later), or else the court will dismiss the case. 18 U.S.C § 3162(a)(2).

The 70th day in this case should have been Friday, November 14, 2025.  The government appears to put forth three arguments to avoid a Speedy Trial violation here.  First, the government seems to claim that efforts to engage in plea negotiation require automatic exclusion under 18 U.S.C. § 3161(h)(1).  Second, the government argues that the Speedy Trial clock did not begin until the defendant was arraigned on November 12, 2025.  Third, the government argues that the court should toll time from the date of the indictment through the date of the arraignment, *nunc pro tunc*, in the interests of justice.  All three arguments are wrong.  The clock began upon the filing of the indictment.

The defense's repeated requests for a plea offer from the government (without ever actually receiving one) cannot be the basis of automatic tolling.  And the court cannot and should not brush aside the government's diligence failures by granting 70 days of *nunc pro tunc* tolling. Nor should the court toll from November 12th until the next hearing date in the interests of justice.

A.      **Automatic Tolling Due to Plea Negotiations Under Section 3161(h)(1) Is Not Applicable**

The government appears to contend that because at various points over the past few months the defense requested a plea offer, and the government on occasion indicated that a plea offer would be forthcoming, either the entire 68 day period between indictment and arraignment, or some unspecified period therein, should be automatically excluded under 18 U.S.C. § 3161(h)(1).  *See* Gov. Motion, ECF 16, at 11, par. 28.  The defense is not aware of any precedent in any court supporting such a broad interpretation of the Speedy Trial Act.

The Speedy Trial Act includes a specific example of when plea negotiations can be the basis for automatic exclusion from the Speedy Trial calculation in 18 U.S.C. § 3161(h)(1)(G), which automatically excludes time related to "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government."  The government would have the court read this to be but one of many examples related to plea negotiations that trigger automatic exclusion from the Speedy Trial calculation. Moreover, the government appears to suggest that the facts here – where the defense reached out to the government repeatedly about a plea offer over more than a two month period and the government never provided a plea offer in response – warrant such an automatic exclusion. In support of this exceptionally broad proposition, the government cites a variety of out of circuit cases, each of which stand for a much narrower proposition than the one set forth by the

8

government here.[1]

Contrary to the government's claim, as the Ninth Circuit has explained, "in general, time devoted to plea negotiations is not automatically excluded." *See United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010); *see also United States v. Lucky*, 569 F.3d 101, 107 (2d Cir. 2009) ("Plea negotiations … are informal discussions between the parties and are directly controlled by the parties, not the court. Therefore, plea negotiations do not fit comfortably into the "other proceedings" language of section 3161(h)(1)."). Nor is the defense aware of any case in the D.C. Circuit reaching a different conclusion.

Indeed, it would appear that such a broad reading of 3161(h)(1) would run afoul of the Supreme Court's interpretation of the automatic exclusions under the Act in *Bloate v. United States*, 559 U.S. 196, 203-04 (2010). In *Bloate*, the Supreme Court concluded that time needed to prepare for pre-trial motions is not "automatically excludable under subsection h(1)." *Id.* In reaching this conclusion, the Court went to great pains to emphasize two points key to the analysis in this case. First, the Court emphasized that subsection h(1) includes a specific example of automatically

---

[1] *United States v. Ford*, 288 F. App'x 54, 58 (4th Cir. 2008) (delay resulting from time necessary for attorneys to obtain a security clearance to review discovery and engage in plea negotiations properly excluded); *United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (delay resulting after the parties agreed to proceeding by filing an information while plea negotiations were pending was excludable as a delay resulting from other charges against the defendant); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (where defense failed to tell the government that it was rejecting the tentative plea agreement the parties had worked out, it qualified as an "extreme case" where time can be tolled under 18 U.S.C. § 3161(h)(1)); *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987) (finding that where a defendant negotiated and entered a plea on the charges faced in Texas, while awaiting trial in Illinois on federal charges, the time in Texas spent negotiating a plea offer can be tolled under 18 U.S.C. § 3161(h)(1)).

excludable delay relating to motions, subsection h(1)(D). By including a specific example of when motions-related delay would be automatically excludable, "the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable" only in this specific circumstance. *Id.* at 206. Second, the Court emphasized that a broad reading of automatic exclusions under subsection h(1) to include time necessary to prepare for pre-trial motions would create "a big loophole" in the Act. *Id.* at 212-13. Both arguments are equally applicable to the extremely broad reading being put forth by the government's attempt to treat any attempt to negotiate a plea offer as a basis for automatic tolling. Doing so would (1) ignore the specific basis for automatically excluding time in connection with plea negotiations that Congress included in the statute and (2) lead to a loophole that would swallow the rule. The defense's unsuccessful efforts to engage the government in plea negotiations is not a basis for automatic tolling under the Act.

### B.    The Speedy Trial Clock Began at Arraignment

The Speedy Trial Act provides that a trial "shall commence within seventy days from the filing date … of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Accordingly, the Speedy Trial Clock began ticking on September 5, 2025—*i.e.*, the filing date of the indictment, which occurred after Mr. Little's initial appearance.

The government appears to argue that the start of the clock did not begin until the defendant was arraigned. Govt. Motion, ECF 16 at 16 ("And November 12, 2025, when the defendant was first arraigned and first appeared on the Indictment would be the 'date the defendant has appeared before a judicial officer of the court in which such charge is

pending.'") This is wrong. The Speedy Trial Act is specifically designed to ensure that those who are arrested on federal charges and brought before a judicial officer of the court where the charge is pending before they are indicted are promised a trial within 70 days of the date of the indictment. 18 U.S.C. § 3161(c)(1). *See United States v. Ortega-Mena*, 949 F.2d 156, 158 (5th Cir. 1991) (Rejecting the government's argument that the clock begins to run at arraignment, not the first appearance after arrest on a complaint and explaining "like many other circuits, we construe "appearance before a judicial officer" to mean a defendant's initial appearance before a judicial officer.") By contrast, for those who are *not* arrested and brought before the court before an indictment, the clock starts upon their first appearance before the court. This ensures that the government will not be pushed to trial quickly on case where a defendant who is not apprehended and brought before the court for weeks or months after an indictment. Reading the statute as the government has suggested would lead to perverse results, as those who are held *before* an indictment would be in a worse position than those who are not. This is clearly not the law. The Speedy Trial Clock began ticking on September 5, 2025—*i.e.*, the filing date of the indictment, which occurred after his initial appearance before a judicial officer in the District Court for the District of Columbia.

### C.    Tolling in the Interest of Justice Is Not Applicable and the Request Should Not Be Granted

During the hearing on November 12, 2025, the government moved to toll the clock in the interests of justice under 18 U.S.C. § 3161(h)(7)(A) from November 12, 2025 through the date of the next hearing. Then, two days later, the government filed a motion requesting that the court toll the clock in the interests of justice *nunc pro tunc* from the date of the arraignment on September 5, 2025. The court should deny both requests. The Speedy Trial Act specifically

disallows tolling in the interests of justice where the additional time is necessary due to the government's "lack of diligent preparation." 18 U.S.C. § 3161(h)(7)(C). Here, the delay is entirely due to lack of diligence and gross negligence by the government. Therefore, an interests of justice continuance should not be granted.

As outlined above, the defense has repeatedly tried to work with the government to move this case forward. Despite 19 discovery requests since the beginning of the case, the vast majority of the missing discovery requested has still not been provided. That remains true even after the defense made it abundantly clear that the failure to provide the missing discovery is one of the primary reasons that the clock should not be tolled and the case should be dismissed for violating the Speedy Trial Act. This missing discovery is not simply cumulative or "nice to have" evidence – rather, it is discovery that goes to the heart of the case and is imperative to engage in realistic plea discussions or prepare for trial.

For example, the defense has repeatedly requested documentation, photos, internal reports, or records related to the supposed injury suffered by the complaining witness in this case. Despite the critical importance of such evidence to preparing for trial and analyzing potential exposure at sentencing, no such evidence has ever been provided. Indeed, more concerningly, the government appears to now be admitting such evidence does not exist  -- despite its claims to the contrary at the beginning of the case. Specifically, in the affidavit in support of the arrest warrant, the government stated that the vehicle allegedly driven by Mr. Little "stuck Special Agent Grys" and the "agent suffered an injury to his left leg." Criminal Complaint, ECF 1 at 2. When directly asked by Magistrate Judge Harvey whether the agent suffered an injury at the detention hearing, the government again claimed that he did. Yet, *for the first time*, in its recent Motion to Toll, the

12

government appears to have changed its story. Notably, the government's motion no longer claims that the agent "suffered an injury" and instead says that he "suffered an impact to his left leg." Govt. Motion, ECF 16 at 3. The government's change of language appears purposeful, as the rest of the recitation of facts in the motion appears to be identical to the earlier affidavit and detention motion. If indeed the agent did *not* suffer any injury, then the failure of the government to respond to defense's many requests for evidence on this issue is not just gross negligence – it is a *Brady* violation.

This is not the only category of critical evidence that the government has failed to provide. For example, the government still has not provided any BWC whatsoever from agents from the FBI, DEA, Park Police, HSI, and Metro Transit who clearly have cameras affixed to their chests. Specifically, the government still has not provided BWC from *any* of the many federal agents visible on the scene of the August 22, 2025 incident -- despite the fact that the entire attempted stop at issue was conducted by federal agents. It has also failed to provide BWC for some of the agents on the scene on August 23, 2025 and for some of the agents on scene during the re- arrest on August 26, 2025. There is every reason to believe that the missing BWC is not only pertinent, but critical to the case. Notably, on the BWC from the MPD officers that arrived on the first scene afterwards, some of these agents can even be heard explicitly discussing the fact that their BWC will capture important parts of the events. (A fact that the defense specifically pointed out to the government as long ago as September 17, 2025.)

Similarly, the government still has not provided the Citgo video footage that is the basis for the identification of Mr. Little in the first incident and even specifically included as a screenshot in

the affidavit.[2]   In addition, the government still has not provided the results from the search warrant it conducted on the vehicle or the related affidavit.   Finally, the government still has not provided the paperwork from the law enforcement officers most involved – the federal agents that initiated the stop, conducted the investigation, and witnessed both events.   For instance, the defense has not yet received the underlying case file for the agent who signed the affidavit, the use of force reports by the agents that tased Mr. Little repeatedly, or paperwork supposedly providing the basis for the stop by the agents during the second incident.

    Nor has the government done it basic diligence to move the case forward in other ways. Despite the defense reaching out to the government three separate times to try to coordinate an arraignment date, the government simply never reached out to the court to set it up.   Despite the defense reaching out to the government over 10 times regarding a plea offer, the government has still not provided a plea offer in this case (much less the discovery necessary to determine if such an offer even makes sense).   This is a far cry from the example cited by the government supporting its position that plea negotiation is an appropriate basis for an interest of justice exception.   *See United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) (holding that a *defense counsel's* "request for a continuance so that plea negotiations could be pursued" can be the basis of an ends of justice continuance).

    Where, as here, the government's own failure to comply with its discovery obligations is the basis for the unnecessary delay, the court should not grant the government's request to toll the clock

_____

[2] As noted above, after months of asking, the government finally provided the raw files for the Citgo footage on November 4, 2025.  However, the government did not provide a player to view the files, meaning the defense cannot even open the files.

in the interests of justice from November 12, 2025 through the date of the next hearing.  Granting such a continuance would directly violate the mandate in the Speedy Trial Act that no interests of justice continuance should be granted where delay is due to "lack of diligent preparation … on the part of the attorney for the Government." 18 U.S.C. § 1361(h)(7)(C).

In addition, the Speedy Trial Act sets out four factors the court should consider in determining whether to grant an interests of justice continuance, 18 U.S.C. 1361(h)(7)(B)  -- each weigh in favor of the defendant and against granting such a continuance here.

First, it is certainly not a miscarriage of justice to hold the government to its burden and making it clear that gross neglect of a criminal case after asking for the defendant to be incarcerated from the outset of the case.  Rather, it would be holding the government accountable for moving forward with the cases it brings and giving their discovery obligations the respect they deserve.

Second, this case is hardly "unusual or complex" such that it requires significant more time than a typical case.  Each alleged incident involves less than a minute of action.  Much of it is captured on video.  The only complex aspect is the fact that agents from multiple federal agencies were present on scene.  Yet, each of these federal agencies have been working with the D.C. U.S. Attorney's Office for many years.  As such, there are already established protocols to collect discovery from these agencies.  While it might be more time consuming to collect discovery from multiple agencies, it is hardly impossible or unusual.  Indeed, in a similar case, where multiple federal agencies initiated the arrest, the government was able to provide all the relevant BWC from four different agencies within just a few weeks of the arrest. *See* 25-MJ-216, ECF 24.

Finally, given the simplicity of the facts at issue, had the government provided discovery on a timely basis, both parties would have been more than capable of effectively preparing for trial or negotiating a disposition.  Thus, because the government failure to "exercise due diligence" is the real reason for any issues in this case, factor four, like the first three factors, weighs against the granting of a continuance in the interests of justice.

The court should not (and cannot) toll the clock in the interests of justice *nunc pro tunc* from the date of the arraignment on September 5, 2025.  First, all of the arguments above apply with even more force to such a sweeping tolling order.  Such a ruling would entirely absolve the government for its gross negligence and lack of diligence in this case, without any basis.

Second, a court cannot issue a retroactive ends of justice continuance where the issue was not reserved and no contemporaneous findings were made at the outset of the excluded time period.  *See, e.g., United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985) ("time may not be excluded based on the ends-of-justice unless the district court indicates at the time it grants the continuance that it is doing so upon a balancing of the factors specified by section 3161(h)(8))"); *United States v. Carey*, 746 F.2d 228, 230 (4th Cir. 1984) ("Recent cases uniformly hold that *nunc pro tunc* or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act."); *United States v. Frey*, 735 F.2d 350, 353 (9th Cir. 1984) ("district court erred by making *nunc pro tunc* findings to accommodate its unwitting violation of the Act"); *United States v. Richmond*, 735 F.2d 208 (6th Cir. 1984) (judgment of conviction reversed because district court retroactively determined that interest of justice continuance applied); *United States v. Goodwin*, No. 20-cr-00011-CJN, ECF 25,

slip op. at 4 (D.D.C. Feb. 10, 2022) (Nichols, J.) ("While courts may retrospectively provide a rationale for an exclusion that was explicitly or implicitly granted, courts may not retrospectively grant exclusions.") (citing *Zedner v. United States*, 547 U.S. 489, 506-07, 126 S. Ct. 1976, 164 L. Ed. 2d 749 & n.7 (2006) and *United States v. Edwards*, 627 F.2d 460, 461-62, 201 U.S. App. D.C. 1 (D.C. Cir. 1980)).

Without an applicable automatic exclusion or a continuance in the interest of justice tolling the clock, the 70th day should have been November 14, 2025. The case should be dismissed for violating the Speedy Trial Act.

## II.    The Indictment Should Be Dismissed With Prejudice

Mr. Little respectfully requests that the Court dismiss the indictment with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). All factors weigh in favor of dismissal with prejudice.

*First*, although all crimes in federal court are serious, on the spectrum of serious offenses, the underlying allegations in this case are less serious than many. The complaint charges Mr. Little with assaulting a law enforcement officer with his vehicle during chaotic and panic-inducing contexts. Initially, Mr. Little is alleged to have panicked when a slew of federal officers carrying rifles flooded a gas station by pushing past a federal officer who tried to stop him for no apparent reason. He is then alleged to have purposefully rammed a law enforcement vehicle when surrounded by agents the following night. There are no allegations that Mr. Little used or

brandished a firearm, or even carried a weapon or any other criminal contraband. Importantly, at no point has the government alleged that law enforcement was initially drawn to Mr. Little due to a 911 call, reports of firearm use, or a threat of violence. In addition, as outlined above, it now appears that the government is no longer alleging that any agent was harmed in this case. Nothing in the alleged facts indicate evidence of pre-meditation, planning, or preparation to commit a violent act. This case does not involve longstanding schemes or plans to engage in criminal behavior. Rather, they indicate an individual reacting in fear to being unexpectedly surrounded by a large contingency of armed federal officers. There are more serious federal crimes involving allegations of identifiable harm to the public or violence against victims.

*Second*, the facts and circumstances that have led to the Speedy Trial Act violation here are largely due to gross neglect and lack of due diligence by the government. This case is not complicated and could have easily proceeded within the 70-day window allotted by the Act. However, despite repeated efforts by the defense to obtain missing discovery and move the case forward, the government sat on its hands and ignored the case. It did so despite knowing that Mr. Little was detained in the matter. The constitutional and statutory safeguards in place to ensure a fair trial and just resolution for an individual accused of a crime only work if the government complies with those obligations. Here, even while knowing that Mr. Little has been detained pending trial, the government has failed to meet its obligations. *See United States v. Hastings*, 847 F.2d 920, 925-26 (1st Cir. 1988) ("If the delay is occasioned by a pattern of governmental inattention or because the prosecutor, like a recalcitrant schoolboy, fails to learn oft-repeated lessons, the situation becomes more conducive to dismissal with prejudice than if the delay stems from some solitary bevue.")

*Finally*, this case is part of a larger pattern and practice by the D.C. U.S. Attorney's Office in the past few months. As such, dismissal with prejudice is warranted here because it "sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays" going forward. *United States v. Taylor, 487 U.S. 326, 342 (1988)*. "When, as so often occurs, trial courts simply dismiss counts without prejudice for violation of the Speedy Trial Act, so as to permit the Government to reprosecute the claim simply by obtaining a new indictment, we participate in a charade." *United States v. Jervey*, 630 F. Supp. 695, 698 (S.D.N.Y. 1986). The gross neglect evident in the government's administration of this case is unfortunately not unique. As recently explained by Judge Sooknanan, among others, there have been a troubling series of events in this courthouse in recent months. *See United States v. Beidleman*, 25-cr-270, Judge Sooknanan, ECF 23, (Oct. 1, 2025, Memorandum Opinion). In some cases, the government has rushed to charge cases without investigating, detained the individuals charged, and then dismissed the cases after actually investigating the cases. *See, e.g.*, *United States v. Pichon*, No. 25-mj-167 (D.D.C.); *United States v. Nguyen*, No. 25-mj-170 (D.D.C.); *see also* Order at 2, *United States v. Dana*, No. 25-mj-152, ECF No. 16 (D.D.C. Sept. 4, 2025) (noting "an unprecedented number of cases that the U.S. Attorney dismissed in the past ten days, all of whom were detained for some period of time"). As it did at the beginning of this case, the government has also repeatedly failed to bring charged defendants before the court in a timely fashion. *See, e.g.*, *United States v. Cooper*, No. 25-mj-163-2, 2025 WL 2496013, at *1 (D.D.C. Aug. 27, 2025); *United States v. Rios-Esquivel*, No. 25-mj-162, 2025 WL 2451152, at *1 (D.D.C. Aug. 26, 2025). Most recently the court dismissed a firearm case with prejudice after determining that the government "parked" a case in Superior Court "resulting in the prolonged and unnecessary pretrial detention." *See United States v. Gaffney*, 25-cr-282 (SLS), ECF 26 (Nov. 7, 2025,

Memorandum Opinion).  The failures in this case reflect a larger problem.

Absent the Court granting the government's request to toll the clock in the interests of justice, the 70th day should have occurred on November 14, 2025.  Given that the delays in this case are entirely due to the government's gross negligence and lack of diligent preparation in this case, the Court should not grant the government's request to toll in the interests of justice.  Such gross negligence and lack of diligent preparation is part of a larger pattern plaguing this courthouse in recent months. If ever there was a need for a strong message to be sent to the government, it is now. The indictment should be dismissed with prejudice.

## Conclusion

For the above reasons, Mr. Little respectfully requests that the Court dismiss the indictment with prejudice.

Respectfully submitted,

Melissa Jackson
Counsel for Joshua Little
D.C. Bar No. 996787
COVERT JACKSON YARBRO PLLC
600 Massachusetts Avenue NW,
Suite 250
Washington, DC 20001
Phone: (657) 225-9693
Email: mjackson@cjypllc.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Case No. 25-cr-268 (JMC)** |
| **JOSHUA LITTLE,** | |
| **Defendant.** | |

## ORDER

The defendant's motion to dismiss the indictment for violation of the Speedy

Trial Act is **GRANTED.** Accordingly, it is hereby

**ORDERED** that the indictment is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

_____
JIA M. COBB
DATE: _____    United States District Court Judge

# Defense Exhibit A

 Outlook

---

## Re: Little

**From** Melissa Jackson <mjackson@cjypllc.com>
**Date** Tue 9/9/2025 4:26 PM
**To** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

Flexible. This Friday is open. Or various parts of Monday/Tuesday of next week. Also available most of the next week except the 23rd.

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email: <u>mjackson@cjypllc.com</u>*
*Phone: (657) 225-9693*
CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Tuesday, September 9, 2025 4:21 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: Little

Will do.

I am generally available (although buried). What were you thinking?

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 9, 2025 4:11 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Little

Hi there,

1. When are you available for his arraignment and initial appearance?

2. Can you please create a USAfx folder to start providing discovery? I believe you will need to create a new account for me in my private capacity, as I no longer have access to the account under my former government email.

Hope all is well.  Thanks,
Melissa

**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit B

Index of Discovery Production 1 – 9/9/2025

| Date provided | Type | File Name | Officer Name Associated | Key notes |
|---|---|---|---|---|
| 9-9-2025 | BWC | ARREST_WARRANT-151_Q_ST_NE_APT_3322.mp4 | unknown | Unrelated |
| 9-9-2025 | BWC | assist_-_3200_minn_ave_se.mp4 | unknown | |
| 9-9-2025 | BWC | assist_-_3200_minn_ave_se-2.mp4 | unknown | |
| 9-9-2025 | BWC | ASSIST_-_MINN_AVE_NE_RANDLE_CIRCLE.mp4 | unknown | |
| 9-9-2025 | BWC | ASSIST_-_MINN_AVE_SE.mp4 | unknown | |
| 9-9-2025 | BWC | assist_3202_Minnesota_Ave_SE.mp4 | unknown | |
| 9-9-2025 | Bwc | assist_3202_Minnesota_Ave_SE-2.mp4 | unknown | |
| 9-9-2025 | Bwc | ASSIST-3820_MINNESOTA_AVE_NE.mp4 | unknown | |
| 9-9-2025 | Bwc | BWC_TEST_-_RANDLE_CIRCLE_AND_MINNESOTA_AVENUE_SOUTHEAST.mp4 | unknown | unrelated |
| 9-9-2025 | BWC | CANVAS_-_A_ST_SE.mp4 | unknown | unrelated |
| 9-9-2025 | Bwc | CELLBLOCK_-_5002_HAYES_ST_NE.mp4 | unknown | |
| 9-9-2025 | Bwc | CELLBLOCK_-_5002_HAYES_ST_NE-2.mp4 | unknown | |
| 9-9-2025 | bwc | CONTACT-_3901_MINN_AVE_NE.mp4 | unknown | Unrelated |
| 9-9-2025 | bwc | CONTACT-4000_MINNESOTA_AVE_NE.mp4 | unknown | |
| 9-9-2025 | Bwc | HOSP_DETAIL_-_HOWARD_HOSP.mp4 | unknown | |
| 9-9-2025 | Bwc | INTAKE-5002_HAYES_ST_NE.mp4 | unknown | |
| 9-9-2025 | BWC | MISC_-_3800_MINNESOTA_AVE_NE.mp4 | unknown | unrelated |
| 9-9-2025 | BWC | MISC_-_4000_MINNESOTA_AVE_NE.mp4 | unknown | unrelated |
| 9-9-2025 | BWC | ppw-3830_Minnesota-2.mp4 | unknown | |
| 9-9-2025 | BWc | ppw-3830_Minnesota-3.mp4 | unknown | |
| 9-9-2025 | BWc | TRAFFIC_STOP-_4100_MINNESOTA_AVE_NE.mp4 | unknown | unrelated |
| 9-9-2025 | BWC | Transport-_2400_6th_St_Nw.mp4 | unknown | |
| 9-9-2025 | Bwc | TRAS-3700_MINNESOTA_AVE_SE.mp4 | unknown | |
| 9-9-25 | BWC | AFO_-_3820_Minnesota_Ave.,_NE_-_Captures_Offense.mp4" | unknown | |

| Date provided | Type | File Name | Officer Name Associated | Key notes |
|---|---|---|---|---|
| 9-9-2025 | BWc | APO_FEDERAL_AGENT_-_3820_Minnesota_Avenue_NE.mp4" | unknown | |
| 9-9-2025 | BWc | apo_Minnesota_and_Randall_circle_se.mp4" | unknown | |
| 9-9-2025 | BWC of video | ppw-3810_Minnesota_ave.mp4 | unknown | |
| 9-9-2025 | Helicopter video | N911DC_CAM-2025-08-23-202108_FELONY_APO_VEHICLE_.ts | | |
| 9-9-2025 | interview | Custodial_Interview_-_Little.mp4 | Det Naples | |
| 9-9-2025 | MPD surveillance video | 6D_3800_bo_Minnesota_Ave_NE_-_6010_-_Camera_-_214000-214045.mp4 | | |
| 9-9-2025 | MPD surveillance video | 6D_Minnesota_Ave_SE_and_Randle_Circle_SE_6010_-_Camera_-_211730-211900.mp4 | | |
| 9-9-2025 | photo | Arrest_Scene.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-2.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-3.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-4.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-5.jpg | | |
| 9-9-2025 | photo | Arrest_Scene.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-2.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-3.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-4.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-5.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-6.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-7.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-8.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-9.jpg | | |

| Date provided | Type | File Name | Officer Name Associated | Key notes |
|---|---|---|---|---|
| 9-9-2025 | photo | Arrest_Scene-10.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-11.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-12.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-13.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-14.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-15.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-16.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-17.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-18.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-19.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-20.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-21.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-22.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-23.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-24.jpg | | |
| 9-9-2025 | photo | Arrest_Scene-25.jpg | | |
| 9-9-2025 | photo | Little.jpg | Det Naples | |
| 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW (2).jpg | | |
| 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW.jpg | | |
| 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW-2.jpg | | |
| 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW-3.jpg | | |
| 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW-4.jpg | | |

| | Date provided | Type | File Name | Officer Name Associated | Key notes |
|---|---|---|---|---|---|
| | 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW-5.jpg | | |
| | 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW-6.jpg | | |
| | 9-9-2025 | Photo | VEHICLE_-_BLUE_PLAINS_IMPOUNDMENT_LOT_-_5001_SHEPHERD_PARKWAY_SW.jpg" | | |

# Defense Exhibit C

 Outlook

---

## Re: Evidence.com - Case Download Link

---

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Wed 9/10/2025 4:39 PM

**To** Roman, Peter (USADC) <peter.roman@usdoj.gov>

Peter,
Thanks for the first batch of discovery.  Could you please send me the index of BWC so I can figure out which BWC video goes with which officer?  The excel option available on axon would be the best if possible.

Thanks,
Melissa

*Melissa Jackson*

*Founding Partner at Covert Jackson Yarbro PLLC*

*Email: mjackson@cjypllc.com*

*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Axon <noreply@evidence.com>
**Sent:** Tuesday, September 9, 2025 5:57 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** Evidence.com - Case Download Link

          Axon - USAO – DC (secured)

# Evidence.com - Case Download Link

**Peter Roman** from **USAO – DC (secured)** (https://usaodc.us.evidence.com) has sent you a link to download the case **Little AFO** on Evidence.com. You will download **2** zip or iso file(s)

containing the pieces of evidence in this case. This download may take a while depending on your internet connection.

Hi Melissa, I am writing to provide you with certain information in response to your request for discovery and Jencks material. The following discovery was made available to you through evidence.com on September 9, 2025 (Disco 1): 1 surveillance video of the Citgo on Minnesota Avenue 1 surveillance video of the intersection of Minnesota and Randle Circle 1 video of your client's post-arrest interview 29 body worn camera videos 38 photos of the arrest scene, your client's car, and your client Please download all material at your earliest convenience, as they will only be available temporarily on USAfx and evidence.com. Feel free to contact me should you have any additional questions about the above- referenced information or if you believe that you are missing anything. Peter V. Roman Assistant United States Attorney Violent Crime and Narcotics Trafficking Section U.S. Attorney's Office for the District of Columbia 601 D Street, N.W. Washington, D.C. 20530 Office - (202) 252-7115 peter.roman@usdoj.gov

**Please note that your access to this link will expire on December 8, 2025 16:50:1 (-05:00).** Afterwards, you will need to contact the sender to request access.

Download link:
[Click here to download]

Thank you,
The Axon Team

---

SECURITY NOTICE: Axon will not send you emails that request your username, password, security questions, or any other sensitive information. If you receive an email requesting information, it is most likely an attempt to gain access to your account. Furthermore, please verify that any hyperlinks in the message above begin with the proper URL e.g. "https://agencyname.evidence.com". Please forward emails that appear suspicious to help@evidence.com.

# Defense Exhibit D

◽ Outlook

---

## Re: Little

---

**From** Melissa Jackson <mjackson@cjypllc.com>
**Date** Tue 9/16/2025 3:48 PM
**To**    Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

Hi Peter,
Circling back on this.  We need to schedule a date for his arraignment.
Available dates next week: Monday, Wednesday, and Thursday, except 12-1:30.

I will also follow up with discovery requests soon.  I know I am missing a ton of BWC from all the non-MPD officers/agents.

Thanks,
Melissa

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email:* mjackson@cjypllc.com
*Phone: (657) 225-9693*
CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 9, 2025 4:26 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** Re: Little

Flexible.  This Friday is open. Or various parts of Monday/Tuesday of next week.  Also available most of the next week except the 23rd.

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email:* mjackson@cjypllc.com
*Phone: (657) 225-9693*
CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this

transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Tuesday, September 9, 2025 4:21 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: Little

Will do.

I am generally available (although buried). What were you thinking?

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7151
peter.roman@usdoj.gov

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 9, 2025 4:11 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Little

Hi there,

1. When are you available for his arraignment and initial appearance?
2. Can you please create a USAfx folder to start providing discovery? I believe you will need to create a new account for me in my private capacity, as I no longer have access to the account under my former government email.

Hope all is well. Thanks,
Melissa

**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this

transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit E

 Outlook

---

## Re: Little

---

**From** Melissa Jackson <mjackson@cjypllc.com>
**Date** Wed 9/17/2025 4:41 PM
**To** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

There should be a lot of agency bwc for both

**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com
cid1953*image001.png@01DBB8F2.7DE7A0D0
Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Wednesday, September 17, 2025 4:24:39 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: Little

Hmm.  Other agency BWC for which event?  The Citgo or the arrest?

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Wednesday, September 17, 2025 4:10 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Re: Little

There are more than a few who indicated having bwc on in the videos I have watched thus far.

**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com

Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Wednesday, September 17, 2025 3:52:16 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: Little

How about Thursday?

And I will look into whether anybody but MPD had their BWC on…

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Wednesday, September 17, 2025 3:29 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Re: Little

Hi there,  When is a good date?

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email:* mjackson@cjypllc.com
*Phone:* (657) 225-9693

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 16, 2025 3:48 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** Re: Little

Hi Peter,
Circling back on this.  We need to schedule a date for his arraignment.
Available dates next week: Monday, Wednesday, and Thursday, except 12-1:30.

I will also follow up with discovery requests soon.  I know I am missing a ton of BWC from all the non-MPD officers/agents.

Thanks,
Melissa


*Melissa Jackson*

*Founding Partner at Covert Jackson Yarbro PLLC*

*Email: mjackson@cjypllc.com*

*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 9, 2025 4:26 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** Re: Little

Flexible.  This Friday is open. Or various parts of Monday/Tuesday of next week.  Also available most of the next week except the 23rd.


*Melissa Jackson*

*Founding Partner at Covert Jackson Yarbro PLLC*

*Email: mjackson@cjypllc.com*

*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Tuesday, September 9, 2025 4:21 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: Little


Will do.


I am generally available (although buried).  What were you thinking?


Peter V. Roman

Assistant United States Attorney

Violent Crime and Narcotics Trafficking Section

U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115

peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Tuesday, September 9, 2025 4:11 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Little


Hi there,

1. When are you available for his arraignment and initial appearance?
2. Can you please create a USAfx folder to start providing discovery? I believe you will need to create a new account for me in my private capacity, as I no longer have access to the account under my former government email.

Hope all is well.  Thanks,

Melissa


**Melissa Jackson**

**Founding Partner at Covert Jackson Yarbro PLLC**

**600 Massachusetts Avenue NW, Suite 250**

**Washington, DC 20001**

**Phone:** (657) 225-9693

**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit F

**Outlook**

---

## 25-cr-268 Joshua Little - discovery request

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Fri 9/19/2025 2:04 PM

**To** Roman, Peter (USADC) <peter.roman@usdoj.gov>

---

Hi Peter,

I have had a chance to review the discovery you provided.  Could you please provide me with the following discovery:

- BWC for all of the federal agents on the scene of the Citgo on 8-22, the scene of the arrest on 8-23, and his subsequent arrest on  8/26.   Agents from the following agencies are visible with BWC in the MPD BWC videos I have: USMS; FBI; DEA; Park Police; HSI.  They can also be heard discussing their body worn cameras capturing the event.
- The CITGO video footage
- The additional camera angles and videos from the two police cameras. I was provided one 8-22 video from the camera at 3800 Minnesota Ave and one 8-23 video from Minn and Randle Circle. My understanding of those cameras is that there are usually a few angles and often one panning video.
- All the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents.  I currently have none.
- all Paperwork or medical records related to any injury or treatment of Agent Grys
- all photos of any injury associated with Agent Grys

I have no objection to the standard protective order for sensitive materials only, like the sample I sent you.

Also, please let me know if the government has a plea offer in this case.

Thanks,
Melissa

**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information

is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit G

# Outlook

---

## RE: 25-cr-268 Joshua Little - discovery request

**From** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

**Date** Mon 9/22/2025 11:57 AM

**To** Melissa Jackson <mjackson@cjypllc.com>

Discovery is being assembled and I will get it out as I collect it.

We will have a plea offer too, I will let you know.

Best,

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Friday, September 19, 2025 2:05 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] 25-cr-268 Joshua Little - discovery request

Hi Peter,
I have had a chance to review the discovery you provided.  Could you please provide me with the following discovery:

- BWC for all of the federal agents on the scene of the Citgo on 8-22, the scene of the arrest on 8-23, and his subsequent arrest on  8/26.   Agents from the following agencies are visible with BWC in the MPD BWC videos I have: USMS; FBI; DEA; Park Police; HSI. They can also be heard discussing their body worn cameras capturing the event.

- The CITGO video footage

- The additional camera angles and videos from the two police cameras. I was provided one 8-22 video from the camera at 3800 Minnesota Ave and one 8-23 video from Minn and Randle Circle.  My understanding of those cameras is that there are usually a few angles and often one panning video.

- All the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents.  I currently have none.

- all Paperwork or medical records related to any injury or treatment of Agent Grys

- all photos of any injury associated with Agent Grys

I have no objection to the standard protective order for sensitive materials only, like the sample I sent you.

Also, please let me know if the government has a plea offer in this case.

Thanks,
Melissa


**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit H

 Outlook

---

## Re: 25-cr-268 Joshua Little - discovery request

---

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Wed 10/8/2025 2:18 PM

**To** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

Hi Peter,
Checking in on discovery.

Thanks,
Melissa

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email: mjackson@cjypllc.com*
*Phone: (657) 225-9693*
CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Wednesday, October 1, 2025 5:32 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** RE: 25-cr-268 Joshua Little - discovery request

Of course. I am still collecting stuff and will pass it on as I get it.

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Wednesday, October 1, 2025 4:54 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** [EXTERNAL] Re: 25-cr-268 Joshua Little - discovery request

Ok. Can you please send me the missing doscovery?

# Defense Exhibit I

 Outlook

---

## Re: Bail sheet contact?

---

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Tue 10/14/2025 4:33 PM

**To**   Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

Thank you.

Any movement on discovery — particularly all the federal BWC?

Any movement on a plea?

Hope you are well,
Melissa

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email:* [mjackson@cjypllc.com](mailto:mjackson@cjypllc.com)
*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Sent:** Friday, October 10, 2025 4:55 PM
**To:** Melissa Jackson <mjackson@cjypllc.com>
**Subject:** Re: Bail sheet contact?

Hi Melissa,

Please see the attached viewing letter for the Camry.

Peter V. Roman
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office - (202) 252-7115
peter.roman@usdoj.gov

# Defense Exhibit J

 **Outlook**

---

## Fw: 25-cr-268 Joshua Little - discovery request

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Thu 10/16/2025 9:42 AM

**To**    Roman, Peter (USADC) <peter.roman@usdoj.gov>

---

📎 2 attachments (1 MB)
PLEA_AGREEMENT_as_to_JOSHUA_ROSSER_mhp_Entered_10_.pdf;
STATEMENT_OF_OFFENSE_by_USA_and_JOSHUA_ROSSER_mhp_.pdf;

HI Peter,
Could you please provide me with the discovery listed below?  I realize you are very busy right now but I
need to be able to evaluate the case and cannot do so without the discovery listed below.

Also, are you able to provide a plea offer in this case.  I would note that in two comparable cases, US v.
Jahari Garrett, 25-MJ-216 and US v. Joshua Rosser, a plea offer was extended to misdemeanor 111a and
DC felony fleeing. Attaching the plea paperwork for Rosser, which I pulled from the docket.  Would you
be amenable to something like that in this case?

Thanks,
Melissa


*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email:* mjackson@cjypllc.com
*Phone: (657) 225-9693*
CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain
confidential information belonging to the sender which is protected by the attorney-client privilege. The information
is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified
that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is
strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this
transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the
transmission.

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Friday, September 19, 2025 2:04 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** 25-cr-268 Joshua Little - discovery request

Hi Peter,
I have had a chance to review the discovery you provided.  Could you please provide me with the
following discovery:

11/17/25, 9:07 AM
Case 1:25-cr-00268-JMC   Document 17   Filed 11/17/25   Page 55 of 85
fwc 25-cr-268 before initial - discovery request - Melissa Jackson - Outlook

- BWC for all of the federal agents on the scene of the Citgo on 8-22, the scene of the arrest on 8-23, and his subsequent arrest on 8/26.   Agents from the following agencies are visible with BWC in the MPD BWC videos I have: USMS; FBI; DEA; Park Police; HSI.  They can also be heard discussing their body worn cameras capturing the event.
- The CITGO video footage
- The additional camera angles and videos from the two police cameras. I was provided one 8-22 video from the camera at 3800 Minnesota Ave and one 8-23 video from Minn and Randle Circle. My understanding of those cameras is that there are usually a few angles and often one panning video.
- All the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents.  I currently have none.
- all Paperwork or medical records related to any injury or treatment of Agent Grys
- all photos of any injury associated with Agent Grys

I have no objection to the standard protective order for sensitive materials only, like the sample I sent you.

Also, please let me know if the government has a plea offer in this case.

Thanks,
Melissa


**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit K

 Outlook

---

## Fw: 25-cr-268 Joshua Little - discovery request

---

**From** Melissa Jackson <mjackson@cjypllc.com>

**Date** Mon 10/20/2025 9:22 AM

**To** Roman, Peter (USADC) <peter.roman@usdoj.gov>

📎 2 attachments (1 MB)

PLEA_AGREEMENT_as_to_JOSHUA_ROSSER_mhp_Entered_10_.pdf;
STATEMENT_OF_OFFENSE_by_USA_and_JOSHUA_ROSSER_mhp_.pdf;

Moving this to the top of your inbox.

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email: [mjackson@cjypllc.com](mailto:mjackson@cjypllc.com)*
*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Thursday, October 16, 2025 9:42 AM
**To:** Roman, Peter (USADC) <peter.roman@usdoj.gov>
**Subject:** Fw: 25-cr-268 Joshua Little - discovery request

HI Peter,
Could you please provide me with the discovery listed below?  I realize you are very busy right now but I need to be able to evaluate the case and cannot do so without the discovery listed below.

Also, are you able to provide a plea offer in this case.  I would note that in two comparable cases, US v. Jahari Garrett, 25-MJ-216 and US v. Joshua Rosser, a plea offer was extended to misdemeanor 111a and DC felony fleeing. Attaching the plea paperwork for Rosser, which I pulled from the docket.  Would you be amenable to something like that in this case?

Thanks,
Melissa

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*

Email: *mjackson@cjypllc.com*
Phone: (657) 225-9693

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

---

**From:** Melissa Jackson <mjackson@cjypllc.com>
**Sent:** Friday, September 19, 2025 2:04 PM
**To:** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>
**Subject:** 25-cr-268 Joshua Little - discovery request

Hi Peter,
I have had a chance to review the discovery you provided.  Could you please provide me with the following discovery:
- BWC for all of the federal agents on the scene of the Citgo on 8-22, the scene of the arrest on 8-23, and his subsequent arrest on  8/26.   Agents from the following agencies are visible with BWC in the MPD BWC videos I have: USMS; FBI; DEA; Park Police; HSI.  They can also be heard discussing their body worn cameras capturing the event.
- The CITGO video footage
- The additional camera angles and videos from the two police cameras. I was provided one 8-22 video from the camera at 3800 Minnesota Ave and one 8-23 video from Minn and Randle Circle. My understanding of those cameras is that there are usually a few angles and often one panning video.
- All the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents.  I currently have none.
- all Paperwork or medical records related to any injury or treatment of Agent Grys
- all photos of any injury associated with Agent Grys

I have no objection to the standard protective order for sensitive materials only, like the sample I sent you.

Also, please let me know if the government has a plea offer in this case.

Thanks,
Melissa


**Melissa Jackson**
**Founding Partner at Covert Jackson Yarbro PLLC**
**600 Massachusetts Avenue NW, Suite 250**
**Washington, DC 20001**
**Phone:** (657) 225-9693
**Email:** mjackson@cjypllc.com



Home | CJY PLLC

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit L

 Outlook

---

## Re: 25-cr-268 Joshua Little - discovery request

**From** Melissa Jackson <mjackson@cjypllc.com>
**Date** Thu 10/23/2025 1:54 PM
**To** Roman, Peter (USADC) <Peter.Roman@usdoj.gov>

---

Hi Peter,
Just gave you a call. Could you please provide the rest of the discovery on this case, including:
- BWC for all of the federal agents on the scene of the Citgo on 8-22, the scene of the arrest on 8-23, and his subsequent arrest on  8/26.   Agents from the following agencies are visible with BWC in the MPD BWC videos I have: USMS; FBI; DEA; Park Police; HSI.  They can also be heard discussing their body worn cameras capturing the event.
- The CITGO video footage
- The additional camera angles and videos from the two police cameras. I was provided one 8-22 video from the camera at 3800 Minnesota Ave and one 8-23 video from Minn and Randle Circle. My understanding of those cameras is that there are usually a few angles and often one panning video.
- All the related police paperwork (both MPD paperwork, FBI casefile, and all other agency paperwork) for both incidents.  I currently have none.
- all Paperwork or medical records related to any injury or treatment of Agent Grys
- all photos of any injury associated with Agent Grys

Would like to move the case forward.

Thanks,
Melissa

*Melissa Jackson*
*Founding Partner at Covert Jackson Yarbro PLLC*
*Email: mjackson@cjypllc.com*
*Phone: (657) 225-9693*

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Defense Exhibit M

11-3-2025 Discovery Production Index

| | Date provided | Type | File Name | Officer Name Associated | notes |
|---|---|---|---|---|---|
| | 11-3-2025 | MPD CCTV | 6D Minnesota Ave SE and Randle Circle SE 6010 - Camera - 211730-211900.mp4" | | Duplicative of video provided on 9-9-2025 |
| | 11-3-2025 | MPD cctv | 6D_Minnesota_Ave_SE_and_Randle_Circle_SE_6010-Camera-211730-211900.mp4" | | Duplicative of video provided on 9-9-2025 |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_1)_LITTLE,_J_.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_2)_LITTLE,_J_ARREST.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_3)_LITTLE,_J._-_ARREST.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_4)_LITTLE,_Joshua_arrest.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_5)_LITTLE,_J_ARREST.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_6)_LITTLE,_J_-_ARREST.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_7)_Little,_J_Arrest.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_8)_Little,_J.mp4 | unknown | |
| | 11-3-2025 | USMS BWC | UNBLUR_-_OGC_-_(Clip_9)_Little,_J_-_Arrest.mp4 | unknown | |
| | 11-3-2025 | USMS pwk | USMS- 11 redacted | DUSM Wormley | |

| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\4_US Marshals_ Roster.pdf | | |
|---|---|---|---|---|
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\5_Naples Notes - 25128244.pdf | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\6_Little Joshua.pdf | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\6_Vehicle PD81.pdf | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\1_CCN _ 25128244 - Combined Reports.pdf | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\1_m1.jpg | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\1_Vehicle PD81.pdf | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\2_m1.jpg | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\2_Papering Cover Sheet - 25128244.pdf" | | |
| 11-3-2025 | MPD Pwk | CCN _ 25128244 - Combined Reports\3_Affidavit with Pics - HSI.docx" | | |
| 11-3-2025 | MPD Pwk | 1_CCN _ 25128775 - Combined Reports.pdf | | |
| 11-3-2025 | Unknown pwk | DC Assault 08-22-2025 (unsigned draft arrest warrant affidavit) | unknown | |

# Defense Exhibit N



# Defense Exhibit O

 Outlook

---

**Peter Roman has invited you to work together in "US v. Little - DC" folder on Box**

---

**From** Peter Roman <noreply@box.com>
**Date** Mon 11/3/2025 1:06 PM
**To** mjackson.cjypllc.com@esfs.us <mjackson.cjypllc.com@esfs.us>



Go to Folder



**Peter Roman (Peter.Roman@usdoj.gov) invited you to view:**

## US v. Little - DC

📁 **Reports**

▶ 6D Minnesota Ave SE and Randle Circle SE 6010 - Camera - 211730-211900.mp4

▶ 6D_Minnesota_Ave_SE_and_Randle_Circle_SE_6010-Camera-211730-211900.mp4

▶ UNBLUR_-_OGC_-_(Clip_1)_LITTLE,_J_.mp4

▶ UNBLUR_-_OGC_-_(Clip_2)_LITTLE,_J_ARREST.mp4

▶ UNBLUR_-_OGC_-_(Clip_3)_LITTLE,_J._-_ARREST.mp4

▶ UNBLUR_-_OGC_-_(Clip_4)_LITTLE,_Joshua_arrest.mp4

▶ UNBLUR_-_OGC_-_(Clip_5)_LITTLE,_J_ARREST.mp4

▶ UNBLUR_-_OGC_-_(Clip_6)_LITTLE,_J_-_ARREST.mp4

 UNBLUR_-_OGC_-_(Clip_7)_Little,_J_Arrest.mp4

2 more

Go to Folder

© 2025 Box · 900 Jefferson Ave, Redwood City, CA 94063, USA

About Box · Privacy Policy

This is an official notification from the USAfx File Exchange system.

# Defense Exhibit P

Index of 11-4-2025 Discovery Production 3

| | Date provided | Type | File Name | Officer Name Associated | notes |
|---|---|---|---|---|---|
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-04-2025-08-23-20-20-00-2025-08-23-20-21-0033.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-05-2025-08-23-20-20-00-2025-08-23-20-21-00.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-05-2025-08-23-20-20-00-2025-08-23-20-21-0022.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_cleSEPTZ-Camera-01-2025-08-23-20-20-00-2025-08-23-20-21-0055.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-01-2025-08-23-20-20-00-2025-08-23-20-21-0011.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-02-2025-08-23-20-20-00-2025-08-23-20-21-0066.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveSEan_leSE6010-Camera-03-2025-08-23-20-20-00-2025-08-23-20-21-0044.g64x" | | |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-04-2025-08-22-21-55-00-2025-08-22-22-30-00.g64x" | | Not related to case |
| | 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-05-2025-08-22-21-55-00-2025-08-22-22-30-00.g64x" | | Not related to case |

| | | | | | |
|---|---|---|---|---|---|
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-05-2025-08-22-21-55-00-2025-08-22-22-30-004.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-04-2025-08-22-21-55-00-2025-08-22-22-30-005.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_sStNEP TZ-Camera-01-2025-08-22-21-55-00-2025-08-22-22-30-00.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_sStNEPTZ-Camera-01-2025-08-22-21-55-00-2025-08-22-22-30-001.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-01-2025-08-22-21-55-00-2025-08-22-22-30-00.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-01-2025-08-22-21-55-00-2025-08-22-22-30-002.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-02-2025-08-22-21-55-00-2025-08-22-22-30-00.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-02-2025-08-22-21-55-00-2025-08-22-22-30-003.g64x" | | | Not related to case |
| 11-4-2025 | MPD CCTV | 6DMinnesotaAveNEan_StNE6010-Camera-03-2025-08-22-21-55-00-2025-08-22-22-30-006.g64x" | | | Not related to case |
| 11-4-2025 | Citco CCTV | 141 "DAV" videos from CITGO<br>• MTPX32A4H4H65_ch11_main_20250822203603_20250822203646.dav<br>• MTPX32A4H4H65_ch11_main_20250822203650_20250822203736.dav | | | Cannot open files |

| | | | | | |
|---|---|---|---|---|---|
| | | | <ul><li>MTPX32A4H4H65_ch11_main_20250822203736_20250822203737.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203755_20250822203821.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203830_20250822203943.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203956_20250822210104.dav</li><li>MTPX32A4H4H65_ch11_main_20250822210108_20250822210307.dav</li><li>MTPX32A4H4H65_ch11_main_20250822210312_20250822210401.dav</li><li>MTPX32A4H4H65_ch2_main_20250822195802_20250822200130.dav</li><li>MTPX32A4H4H65_ch2_main_20250822200140_20250822201039.dav</li><li>MTPX32A4H4H65_ch2_main_20250822201050_20250822201440.dav</li><li>MTPX32A4H4H65_ch2_main_20250822201449_20250822202948.dav</li><li>MTPX32A4H4H65_ch2_main_20250822202950_20250822203213.dav</li><li>MTPX32A4H4H65_ch2_main_20250822203308_20250822203549.dav</li><li>MTPX32A4H4H65_ch2_main_20250822203551_20250822203813.dav</li><li>MTPX32A4H4H65_ch2_main_20250822203813_20250822203813.dav</li><li>MTPX32A4H4H65_ch2_main_20250822203819_20250822210234.dav</li><li>MTPX32A4H4H65_ch3_main_20250822195930_20250822200135(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822195930_20250822200135.dav</li><li>MTPX32A4H4H65_ch3_main_20250822200135_20250822200135(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822200135_20250822200135.dav</li><li>MTPX32A4H4H65_ch3_main_20250822200141_20250822200803(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822200141_20250822200803.dav</li><li>MTPX32A4H4H65_ch3_main_20250822200813_20250822201445(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822200813_20250822201445.dav</li><li>MTPX32A4H4H65_ch3_main_20250822201454_20250822201613(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822201454_20250822201613.dav</li><li>MTPX32A4H4H65_ch3_main_20250822201614_20250822202719(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822201614_20250822202719.dav</li><li>MTPX32A4H4H65_ch3_main_20250822202727_20250822203552(1).dav</li><li>MTPX32A4H4H65_ch3_main_20250822202727_20250822203552.dav</li><li>MTPX32A4H4H65_ch3_main_20250822203553_20250822203803(1).dav</li></ul> | | without player |

- MTPX32A4H4H65_ch3_main_20250822203553_20250822203803.dav
- MTPX32A4H4H65_ch3_main_20250822203818_20250822203858(1).dav
- MTPX32A4H4H65_ch3_main_20250822203818_20250822203858.dav
- MTPX32A4H4H65_ch3_main_20250822203903_20250822203940(1).dav
- MTPX32A4H4H65_ch3_main_20250822203903_20250822203940.dav
- MTPX32A4H4H65_ch3_main_20250822203941_20250822204120(1).dav
- MTPX32A4H4H65_ch3_main_20250822203941_20250822204120.dav
- MTPX32A4H4H65_ch3_main_20250822204124_20250822204301(1).dav
- MTPX32A4H4H65_ch3_main_20250822204124_20250822204301.dav
- MTPX32A4H4H65_ch3_main_20250822204306_20250822210108.dav
- MTPX32A4H4H65_ch3_main_20250822204306_20250822210234.dav
- MTPX32A4H4H65_ch4_main_20250822200226_20250822200307.dav
- MTPX32A4H4H65_ch4_main_20250822200327_20250822200407.dav
- MTPX32A4H4H65_ch4_main_20250822200416_20250822200502.dav
- MTPX32A4H4H65_ch4_main_20250822200531_20250822201205.dav
- MTPX32A4H4H65_ch4_main_20250822201208_20250822201250.dav
- MTPX32A4H4H65_ch4_main_20250822201340_20250822201454.dav
- MTPX32A4H4H65_ch4_main_20250822201631_20250822201658.dav
- MTPX32A4H4H65_ch4_main_20250822201723_20250822202108.dav
- MTPX32A4H4H65_ch4_main_20250822202122_20250822202141.dav
- MTPX32A4H4H65_ch4_main_20250822202158_20250822202412.dav
- MTPX32A4H4H65_ch4_main_20250822202419_20250822202504.dav
- MTPX32A4H4H65_ch4_main_20250822202527_20250822202644.dav
- MTPX32A4H4H65_ch4_main_20250822202752_20250822203008.dav
- MTPX32A4H4H65_ch4_main_20250822203032_20250822203147.dav
- MTPX32A4H4H65_ch4_main_20250822203201_20250822203256.dav
- MTPX32A4H4H65_ch4_main_20250822203311_20250822203349.dav
- MTPX32A4H4H65_ch4_main_20250822203428_20250822203450.dav
- MTPX32A4H4H65_ch4_main_20250822203657_20250822203755.dav
- MTPX32A4H4H65_ch4_main_20250822203819_20250822203849.dav

- MTPX32A4H4H65_ch4_main_20250822204026_20250822204104.dav
- MTPX32A4H4H65_ch4_main_20250822204128_20250822204248.dav
- MTPX32A4H4H65_ch4_main_20250822204307_20250822204405.dav
- MTPX32A4H4H65_ch4_main_20250822204414_20250822204438.dav
- MTPX32A4H4H65_ch4_main_20250822204441_20250822204607.dav
- MTPX32A4H4H65_ch4_main_20250822204623_20250822204704.dav
- MTPX32A4H4H65_ch4_main_20250822204707_20250822210234.dav
- MTPX32A4H4H65_ch8_main_20250822202003_20250822203230.dav
- MTPX32A4H4H65_ch8_main_20250822203244_20250822203550.dav
- MTPX32A4H4H65_ch8_main_20250822203551_20250822203801.dav
- MTPX32A4H4H65_ch8_main_20250822203813_20250822210234.dav
- MTPX32A4H4H65_ch9_main_20250822195803_20250822200133.dav
- MTPX32A4H4H65_ch9_main_20250822200143_20250822200308.dav
- MTPX32A4H4H65_ch9_main_20250822200318_20250822200545.dav
- MTPX32A4H4H65_ch9_main_20250822200620_20250822200652.dav
- MTPX32A4H4H65_ch9_main_20250822200723_20250822200740.dav
- MTPX32A4H4H65_ch9_main_20250822200804_20250822201033.dav
- MTPX32A4H4H65_ch9_main_20250822201036_20250822201135.dav
- MTPX32A4H4H65_ch9_main_20250822201154_20250822201444.dav
- MTPX32A4H4H65_ch9_main_20250822201444_20250822201444.dav
- MTPX32A4H4H65_ch9_main_20250822201449_20250822201541.dav
- MTPX32A4H4H65_ch9_main_20250822201555_20250822201622.dav
- MTPX32A4H4H65_ch9_main_20250822201641_20250822201812.dav
- MTPX32A4H4H65_ch9_main_20250822201814_20250822203039.dav
- MTPX32A4H4H65_ch9_main_20250822203039_20250822203039.dav
- MTPX32A4H4H65_ch9_main_20250822203045_20250822203303.dav
- MTPX32A4H4H65_ch9_main_20250822203314_20250822203330.dav
- MTPX32A4H4H65_ch9_main_20250822203332_20250822203405.dav
- MTPX32A4H4H65_ch9_main_20250822203415_20250822203525.dav
- MTPX32A4H4H65_ch9_main_20250822203528_20250822203550.dav

- MTPX32A4H4H65_ch9_main_20250822203554_20250822203759.dav
- MTPX32A4H4H65_ch9_main_20250822203823_20250822210234.dav
- MTPX32A4H4H65_ch10_main_20250822195506_20250822195658.dav
- MTPX32A4H4H65_ch10_main_20250822195707_20250822195722.dav
- MTPX32A4H4H65_ch10_main_20250822195743_20250822195808.dav
- MTPX32A4H4H65_ch10_main_20250822195823_20250822195943.dav
- MTPX32A4H4H65_ch10_main_20250822200154_20250822200232.dav
- MTPX32A4H4H65_ch10_main_20250822200245_20250822200304.dav
- MTPX32A4H4H65_ch10_main_20250822200336_20250822200544.dav
- MTPX32A4H4H65_ch10_main_20250822200723_20250822200937.dav
- MTPX32A4H4H65_ch10_main_20250822200956_20250822201141.dav
- MTPX32A4H4H65_ch10_main_20250822201143_20250822201302.dav
- MTPX32A4H4H65_ch10_main_20250822201329_20250822201419.dav
- MTPX32A4H4H65_ch10_main_20250822201457_20250822201523.dav
- MTPX32A4H4H65_ch10_main_20250822201553_20250822201615.dav
- MTPX32A4H4H65_ch10_main_20250822201639_20250822201711.dav
- MTPX32A4H4H65_ch10_main_20250822201817_20250822202502.dav
- MTPX32A4H4H65_ch10_main_20250822202518_20250822203253.dav
- MTPX32A4H4H65_ch10_main_20250822203304_20250822203350.dav
- MTPX32A4H4H65_ch10_main_20250822203447_20250822203508.dav
- MTPX32A4H4H65_ch10_main_20250822203707_20250822203818.dav
- MTPX32A4H4H65_ch10_main_20250822203825_20250822203956.dav
- MTPX32A4H4H65_ch10_main_20250822203957_20250822204019.dav
- MTPX32A4H4H65_ch10_main_20250822204020_20250822210031.dav
- MTPX32A4H4H65_ch10_main_20250822210035_20250822210104.dav
- MTPX32A4H4H65_ch10_main_20250822210106_20250822210126.dav
- MTPX32A4H4H65_ch10_main_20250822210145_20250822210306.dav
- MTPX32A4H4H65_ch10_main_20250822210311_20250822210406.dav
- MTPX32A4H4H65_ch11_main_20250822195802_20250822195836.dav
- MTPX32A4H4H65_ch11_main_20250822195844_20250822195908.dav

| | | | <ul><li>MTPX32A4H4H65_ch11_main_20250822195916_20250822200005.dav</li><li>MTPX32A4H4H65_ch11_main_20250822200015_20250822200154.dav</li><li>MTPX32A4H4H65_ch11_main_20250822200208_20250822200246.dav</li><li>MTPX32A4H4H65_ch11_main_20250822200336_20250822200532.dav</li><li>MTPX32A4H4H65_ch11_main_20250822200738_20250822200942.dav</li><li>MTPX32A4H4H65_ch11_main_20250822200954_20250822201018.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201041_20250822201108.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201143_20250822201236.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201241_20250822201306.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201318_20250822201418.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201431_20250822201452.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201453_20250822201519.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201556_20250822201620.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201645_20250822201712.dav</li><li>MTPX32A4H4H65_ch11_main_20250822201836_20250822203252.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203328_20250822203356.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203356_20250822203356.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203431_20250822203507.dav</li><li>MTPX32A4H4H65_ch11_main_20250822203515_20250822203535.dav</li></ul> | | |

# Defense Exhibit Q



Covert Jackson Yarbro PLLC
600 Massachusetts Avenue NW,
Suite 250
Washington, DC 20001
www.cjypllc.com

Peter Roman

Via Email

Re: *United States v. Joshua Little* – Discovery Requests

Case No. 1:25-cr-00268-JMC

Dear counsel,

Below is a log of the discovery I have received in this matter.  In total, there have been three productions:

- Production 1 on 9/9/2025 via an evidence.com folder.  Production 1 consisted of:
    o 38 photos of the vehicle, scene on 8/23/2025, and (1) photo of the defendant
    o 21 BWC videos related to this matter from unidentified MPD officers
    o 7 BWC videos from unrelated incidents
    o 1 helicopter video
    o Interview video
    o 2 MPD CCTV videos –
        ▪ 1 from the 3800 block of Minnesota Ave NE from 9:40 to 9:40.45 p.m.
        ▪ 1 from the corner of Minnesota Ave SE and Randle Circle SE from 9:17.30- 9:19 p.m.

- Production 2 on 11/3/2025 via USAfx.  Production 2 consisted of:
    o 2 duplicative copies of the MPD CCTV video from the corner of Minnesota Ave SE and Randle Circle SE from 9:17.30- 9:19 p.m. – which had already been provided in Production 1
    o 9 USMS BWC videos from unidentified USMS agents
    o 1 USM-11 – 8/24/2025 USMS arrest report (redacted)
    o MPD paperwork for CCN _ 25128244
    o MPD paperwork for CCN _ 25128775

- Production 3 on 11/4/2025 via USAfx.  Production 3 consisted of:

- 6 MPD CCTV "g64x" videos from Minnesota Ave SE on 8-23-25 from 8:20 – 8:21.44
- 11 MPD CCTV "g64x" videos from Minnesota Ave NE and Ames St NE on 8-22-25 from 9:55 to 10:30 p.m. [These appear to be unrelated to this matter.]
- 141 Citgo "dav" videos

Pursuant to the government's discovery obligations, could you please provide the following:

- For the CITGO videos provided on 11/4/2025:
    - I cannot open the DAV files at all.
    - Please provide a player for the .DAV files. There should be a LOREX player exported with the files.
    - If a LOREX player or another player that can play the .DAV files is not available, please provide me with converted videos playable on VLC or Media player.

- USMS BWC:
    - There are multiple USMS agents visible on scene on 8-22-25 with BWCs on their chests. I have not been provided with any USMS videos from 8-22-25. USMS agents can be heard discussing their BWC recording the incident on the MPD BWC provided. Please provide BWC for the multiple USMS agents present on scene on 8-22. If none is available, please confirm that you checked directly with USMS to confirm.
    - I have 7 clips from USMS agents on 8-23. Please confirm whether there are any additional BWC videos from USMS agents on scene.
    - Please provide the names of the agents for each of the 7 BWC videos provided.
    - I have 2 clips from USMS agents for the arrest on 8-26. Please confirm whether there are any additional BWC videos from USMS agents on scene. There are many more USMS agents visible during the arrest.
    - Please confirm that USMS BWC provided from 8-23 and 8-26 is complete. The title says "clip", indicating that there is more to the videos.

- Park Police BWC and paperwork:

- o There are multiple Park Police agents visible on scene on 8-22-25 with BWCs on their chests.  Please provide BWC for the  multiple Park Police agents present on scene on 8-22. If none is available, please confirm that you checked directly with Park Police to confirm no BWC exists.
  - o Please provide any paperwork completed by the Park Police agents who were on scene.

- FBI BWC and paperwork:
  - o There are multiple FBI agents visible on scene on 8-22-25 with BWCs on their chests.  Please provide BWC for the multiple FBI agents present on scene on 8-22. If none is available, please confirm that you checked directly with FBI to confirm no BWC exists.
  - o Please provide any paperwork completed by the FBI agents who were on scene.

- DEA BWC and paperwork:
  - o There are multiple DEA agents visible on scene on 8-22-25 with BWCs on their chests.  Please provide BWC for the multiple DEA agents present on scene on 8-22. If none is available, please confirm that you checked directly with DEA to confirm no BWC exists.
  - o Please provide any paperwork completed by the FBI agents who were on scene.

- HSI BWC and paperwork:
  - o There is at least one HSI agent visible on scene on 8-22-25 with BWC on his chests.  Please provide BWC for the HSI agents present on scene on 8-22. If none is available, please confirm that you checked directly with HSI to confirm no BWC exists.
  - o Please provide all paperwork completed by HSI agents who were on scene.
  - o **In particular, confirm whether HSI Agent Michael Grys had BWC.**
  - o **Provide all paperwork completed by or about HSI Agent Michael Grys - - including any and all paperwork regarding the injury he allegedly received, such as paperwork for any clinic visit, medical records, and any paperwork he completed about the incident.**
  - o **Provide all paperwork by the affiant for the complaint, Agent Lawlor.**

- Secret Service BWC and paperwork:

- o There are at least two Secret Service agents visible on scene on 8-22-25. Please provide BWC for the Secret Service agents present on scene on 8-22. If none is available, please confirm that you checked directly with Secret Service to confirm no BWC exists.
  - o Please provide all paperwork completed by Secret Service agents who were on scene.
- Please provide the names and agencies of the federal agents present on 8-22

- Please provide the BWC for the two MTPD officers present on 8-23 -  Officer Christina Hudson and Officer Kody Dull. If none is available, please confirm that you checked directly with MTPD to confirm no BWC exists.

- Please provide the photos taken by USMS agents on scene on 8-23-25 and 8-26-25. See USM-11 noting that photos were uploaded to something  [the name is redacted].  The provided BWC also showing them taking photos on 8-23 and 8-26 – none of which are included in the discovery provided.

- Please provide the names of the officers associated with the MPD BWC provided in Production 1.  (This is easily exportable as an excel spreadsheet from evidence.com)

- Please provide a copy of the BOLO sent out for the vehicle on 8/22.  The BOLO is mentioned in  the USM-11 report.  Please include any emails sending out the BOLO to USMS agents.

- Please provide copies of any texts sent by USMS (or any other agencies) about the case.  There are texts about the case by a USMS agent visible on BWC from the 8-26 arrest.

- Please provide the radio run for dispatch on 8-23, which is mentioned in the USM -11 report.

- Please provide all radio runs for 8-22 and 8-26 as well.

- Please provide an unredacted copy of USM-11, particularly the below

  > While conducting targeted enforcement on team TE7, at approximately 8:00pm, the primary dispatch channel put out a transmission advising the suspect vehicle was spotted ▓▓▓▓ in the 3200 block of Minnesota Ave SE. Our team was in the area and began canvassing for the vehicle. I observed that vehicle in the 3300 block of Minnesota Ave SE travelling southbound. Three of the team's vehicles were in a position to conduct a traffic stop of the car, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ . At approximately 8:18pm, the cars came to a natural stop at the light in front of 3200 Minnesota Ave SE at Randle Cir SE and each vehicle activated it's emergency equipment. The suspect vehicle did not comply and rammed into the rear driver's side of

- Please provide a copy of the search warrant for the vehicle and a copy of what was obtained from SW – including all related agency paperwork documenting the search.

- Please provide the remaining missing USMS reports, including:
  - Report(s) related to damage to vehicle
  - Use of force reports  (these were mentioned in BWC)
  - ANY USMS files related to 8-22, 8-23 or 8-26

- Please provide the police paperwork for the individual stopped (but not arrested) at the Citgo on 8-22-25, Curtis Dupree.

- Please provide the police paperwork for the individual who was stopped, searched, and arrested at the Citgo on 8-22-25, Patrick Brown.

- Discovery letter 2  and Discovery letter 3 both  mention 2 TBs of pole camera footage. The letters also claim that pole cam clips were previously provided.  No pole cam footage has been provided in this case. This appears to be a copy paste error in the discovery letters from an unrelated case.   Please confirm if that is accurate and whether there is any pole cam footage in this case.

-

Sincerely,

**Melissa Jackson**
mjackson@cjypllc.com
**(657) 225-9693**
Covert Jackson Yarbro PLLC
600 Massachusetts Avenue NW,
Suite 250
Washington, DC 20001
www.cjypllc.com